UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KELVIN JOYNER,

                Plaintiff,

v.

PROPRIETORS LLC /d/b/a
ONE FIFTY ONE

                Defendants.
-----------------------------------------------------------X

**COMPLAINT**
**PLAINTIFF DEMANDS A**
**TRIAL BY JURY**

Plaintiff, Kelvin Joyner, through his counsel, DEREK SMITH LAW GROUP PLLC, hereby complains of the Defendants upon information and belief, as follows:

1. Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), New York State Executive Law, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to disability discrimination, retaliation, and constructive discharge.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title I of the Americans with Disabilities Act of 1990. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this District base upon Defendants' place of business within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

4. On or about January 29, 2016, the EEOC mailed a Right to Sue Letter to Plaintiff.

5. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

6. Plaintiff is a male individual who resides in the state of New York.

7. Defendants' Proprietors LLC /d/b/a One Fifty One is a nightclub that does business in New York City.

8. Proprietors LLC was established in 2007 as a group of hospitality professionals with one goal: to further cocktail culture.

9. At all times herein mentioned, Defendant Proprietors LLC and Defendant One Fifty One were joint employers of the Plaintiff.

10. The two Defendants are so interrelated as to constitute one single employer.

11. Plaintiff was a host/bouncer for Defendants. Plaintiff has an active New York State security license

12. Plaintiff never suffered from any health problems in or around his groin prior to accepting employment with Defendants.

13. The staff, including Plaintiff complained to Defendants about the very hot conditions in the bar area.

14. Upon information and belief, Defendants admitted to the bar being too hot, and promised the employees a solution.

15. Temperature at Defendants' bar continually exceeded 90 degrees.

16. Plaintiff has pictures that prove the excessive heat conditions.

17. On or around June 13, 2015, Plaintiff felt a very sharp pain in his groin with many painful pea sized lumps.

18. On or around June, 15, 2015, Plaintiff found a large painful abscess on his right groin.

19. On June 16, 2015, Plaintiff was treated by a doctor, who confirmed Plaintiff had groin abscess and Hidradenitis.

20. On July 15, 2015, Plaintiff's doctor sent a letter to Defendants informing Defendants' of the heat related injury to Plaintiff.

21. In the July 15, 2015 letter, Plaintiff's doctor requested a reasonable accommodation to assist Plaintiff in dealing with the excessive heat at Defendants' place of business.

22. In response, Defendants provided Plaintiff with a small six (6) inch fan to diminish the heat.   The fan did not assist in relieving the heat from Plaintiff's workspace.

23. In fact, Defendants' management commandeered the fan to stop one of the drink machines from overheating due to the excessive heat.

24. Defendants did not decrease the hot temperature in the bar and Plaintiff's injury became worse.

25. Plaintiff asked and was refused a reasonable accommodation by Defendants' supervisor.

26. Plaintiff continued to work and suffer due to the Defendants' lack of response to his medical condition.

27. As a result of Defendants' refusal, Plaintiff continued to suffer extreme pain and embarrassment.

28. Plaintiff experienced loss of libido and the intimacy between Plaintiff and his girlfriend diminished.

29. Plaintiff's physician prescribed him Effexor, an antidepressant, to help cope with the overwhelming hopelessness and sadness.

30. Plaintiff continued to request a reasonable accommodation from Defendants.

31. Defendants'' continued to refuse Plaintiff's request for a reasonable accommodation.

32. Shortly after another request for a reasonable accommodation, Defendants' disciplined Plaintiff.

33. On or around December 16, 2015, Defendants' suspended Plaintiff without pay.

34. Plaintiff has suffered emotional and physical distress due to the continuing pain suffered due to lack of a reasonable accommodation by Defendants.

35. Around December 23, 2015, Defendants constructively discharged Plaintiff by making his conditions at work so unbearable that no man in Plaintiff's shoes should be expected to tolerate.

36. Plaintiff sent a letter to Defendants' stating that Defendants forced him from his employment due to suspending him from his employment and not protecting him from discrimination and harassment.

37. Due to the excessive heat, Plaintiff endured two surgeries and was placed on a six-month regiment of antibiotics.

38. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

39. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff on an ongoing continuous basis.

40. It is clear that Defendants have a pattern and practice of discrimination.

## AS A FIRST CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT

41. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

42. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

43. SEC. 12112. [Section 102] specifically states (a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment

44. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER AMERICAN DISABILITES ACT

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. SEC. 12203. [Section 503] states; (a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

47. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. § 296. Unlawful discriminatory practices. Provides that:

    "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and request for an accommodation.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

6

54. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

57. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

60. "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff through disability discrimination and causing a hostile work environment.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

8

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

71. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE
## NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISORY LIABILITY

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

9

74. a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i. the employee or agent exercised managerial or supervisory responsibility; or

ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75. Defendants violated the above section as set forth herein.

## AS AN ELEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. New York City Administrative Code Title 8-107(19) Interference with protected rights.

78. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

79. Defendants violated the section cited herein as set forth.

### AS A TWELFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER NEW YORK CITY LAW

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

82. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of disability discrimination and hostile work environment.

83. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

11

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants severally in an

amount to be determined at the time of trial plus interest, punitive damages,

attorneys' fees, costs, and disbursements of action; and for such other relief as the

Court deems just and proper.

Dated: New York, New York
      April 27, 2016

DEREK SMITH LAW GROUP, PLLC

John C. Luke, Jr., Esq.
30 Broad Street, 35th Floor
New York, New York 10004
Tel.: (212) 587-0760
*Attorneys for Plaintiff*

12